BRONSON LAW OFFICES, P.C.
H. Bruce Bronson, Esq.
Attorneys for Debtor and Debtor-in-Possession
480 Mamaroneck Ave.
Harrison, NY 10528
TEL. 877-385-7793
Email: hbbronson@bronsonlaw.net

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

      **PATRICIA KAPLAN,**

                                        Chapter 11
                                        Case No: 14-23611 (RDD)

                                Debtor.
-----------------------------------------------------------------x

**APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION**
**FOR LEGAL FEES BY DEBTOR'S BANKRUPTCY COUNSEL**
<u>**BRONSON LAW OFFICES, P.C.**</u>

TO:   **THE HONORABLE ROBERT D. DRAIN**
         **UNITED STATES BANKRUPTCY JUDGE**

      Bronson Law Offices, P.C. ("Applicant"), as and for an interim fee application for allowance of compensation as bankruptcy counsel to PATRICIA KAPLAN, the debtor and debtor-in-possession herein ("Debtor"), pursuant to Sections 328, 330 and 506(c) of Title 11 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, respectfully represents:

### <u>INTRODUCTION</u>

1. On November 19, 2014 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On March 17, 2015, the Bankruptcy Court entered an Order (ecf Docket # 12), for the retention of

Applicant as counsel to the Debtor. A copy of the retention order is annexed hereto as **Exhibit A**.

3. The Debtor is an individual with tax debts, student loan debts and obligations on the first and second mortgages on her home. She experienced financial difficulty when her husband had a bout with cancer which left him unable to attend to his medical practice for several years. Thereafter the medical industry had become more competitive and insurance reimbursement more difficult. Dr. Kaplan closed his private practice and aligned himself with a large medical practice which resulted in a reduction of income that he was earning prior to his illness. Dr. Kaplan has mostly recovered from his financial decline and the Debtor expects to proffer a disclosure statement and plan in the near future.

4. Prior to the Petition Date, the Applicant received a pre-petition retainer of $10,000. The pre-petition retainer was applied to services performed prior to filing in preparation of the Chapter 11.

5. From November 19, 2014, through May 18, 2017, there was billable time of $21,217.50 and expenses of 295.68. "**Exhibit B-Invoice and Invoice by Category and Professional"**).

6. No prior application for compensation and expenses has been submitted.

7. 11 U.S.C. § 330(a) provides:

> After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the Court may award to a trustee, to an examiner, to a professional person employed under Section 327 or 1103 of this title, or to the debtor's attorney reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and (2) reimbursement for actual, necessary expenses.

8. 11 U.S.C. § 506 (c) provides:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim….

9. This Application is submitted in support of an order, pursuant to Sections 328, 330 and 506(c) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure, awarding Applicant a fee and expense allowance, for the period November 19, 2014 through May 18, 2017.

10. The professionals providing legal services were H. Bruce Bronson, who bills at $350 per hour and who has billed 40.6 hours in this case; Carl Nelson, Esq. who is billed at $275 per hour and who has billed 12.6 hours in this case; Audrey Parma, Esq. who is billed at $275 per hour and who billed 5.6 hours and the paralegal Chanel Orgill who is billed at $90 per hour and who billed 22.25 hours. The aforementioned billing rates are reasonable, represent rates at which Applicant customarily bills its non-debtor and debtor clients for similar services, and are comparable to the fees customarily charged by attorneys in the Southern District of New York, who possess similar skill, experience, expertise, stature and reputation for comparable services. No reimbursement was charged for amortization, depreciation, phone or fax charges.

11. No division of compensation will be made by Applicant, except as set forth in Sections 329 and 504 of the Bankruptcy Code.

12. All services for which compensation is sought herein were performed by Applicant for and on behalf of the Debtor, and not on behalf of any other person(s).

## THE SCOPE OF APPLICANT'S SERVICES

13. In accordance with Applicant's normal procedures, all of the services rendered by Applicant have been recorded in daily time records by the professionals involved setting forth the nature of the services rendered, the name of the persons performing the work, the date on which the services were rendered and the time expended in rendering such services with respect to the Debtor's case.

14. As more fully described below, Applicant has been required to render extensive professional services on behalf of the Debtor in this Chapter 11 estate. In accordance with the Board of Judges for the United States Bankruptcy Court for the Southern District of New York Amended Guidelines for Fees and Disbursements for professionals in the Southern District of New York, set forth below is a summary of Applicant's services undertaken by counsel during the Interim Fee Period are broken down into categories in the attached Exhibit : (i) Asset Analysis and Recovery; (ii) Asset Disposition; (iii) Business Operations; (iv) Case Administration; (v) Claims Administration and Objections; (vi) Employee Benefits/Pensions (vii) Fee/Employment Applications; (viii) Fee Employment Objections (ix) Financing, including Obtaining the Use of Cash Collateral; (x) Litigation; (xi) Meeting of the Creditors; (xii) Plan and Disclosure Statement; (xiii) Relief of Stay Motion and Responses to other Motions. Applicant respectfully submits that its professional services rendered during the InterimFee Period have benefited the creditors and will contribute to the ability of creditors to realize a greater distribution on account of their claims.

## SUMMARY OF SERVICES RENDERED BY APPLICANT

15. During the interim period, the Applicant has provided services in the categories set forth in the attached report which is a part of **Exhibit B**. H. Bruce Bronson provided the majority of

the legal services and billed 40.6 hours.; Carl Nelson Esq. billed 12.6 hours; Audrey Parma billed 5.6 hours and Chanel Orgill billed 22.25 hours. Applicant applied for a loan modification for Debtor and after extensive work that involved multiple exchanges with the lender's counsel, obtained an affordable modification. Applicant also prepared all necessary documents relating to the Chapter 11, attended the initial debtor interview, the initial case conference and all hearings thereafter and the 341 meeting of creditors. Applicant prepared all of the operating reports for the Debtor to date. The foregoing is a summary of the work performed and is not an exhaustive list which can be found in the time records attached hereto as **Exhibit B**.

## STAUTUORY AUTHORITY FOR RELIEF SOUGHT

16. The professional services rendered by Applicant have required an expenditure of substantial time and effort. Time and labor devoted, however, is only one of many pertinent factors. The number of hours expended must be considered in light of (i) the amounts involved and the results achieved to date, (ii) the novelty and difficulty of the questions presented, (iii) the skill requisite to properly perform the legal services, (iv) the preclusion of other employment, (v) the customary fee to a private client for the services rendered, (vi) awards in similar cases, (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours, (viii) the experience, reputation and ability of the attorneys rendering services, and (ix) the nature and length of the professional relationship with the client. *Johnson v. Georgia Highway Express*, 488 F. 2d 714,717-19 (5th Cir. 1974) and *In re: First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977).

17. Applicant submits that application of the foregoing criteria justifies the compensation

requested.

18. Applicant's professional services have been rendered in an efficient manner by attorneys who have expertise in the field of reorganization.

19. Applicant submits that its services have contributed substantial benefits to the estate and its creditors. The time and effort required of Applicant to represent the Debtor in this Chapter 11 case, the complexities of the legal issues involved, and the variety of matters which have arisen in connection with the representation of creditors of the Debtor's Chapter 11 estate has been alluded to in the Application. During the period covered by this Application, Applicant has been required to furnish substantial services. If this case was not under the Bankruptcy Code, Applicant would charge the Debtor and expect to receive on a current basis, an amount at least equal to the amounts requested herein for the professional services rendered. Applicant submits that under all of the criteria normally examined in bankruptcy cases and based upon the factors to be considered in accordance with Sections 328, 330 and 506 (c) of the Bankruptcy Code, the results that have been achieved more than substantiate charges in that amount.

**WHEREFORE,** in view of the foregoing, Applicant respectfully requests that it be allowed interim compensation in the amount **$21,217.50**, for the fees and $**295.68** in expenses incurred as relates to the matters set forth herein for a total of **$21,513.18.**

Dated: Westchester, New York
May 18, 2017

**BRONSON LAW OFFICES, P.C.**

/s/H. Bruce Bronson__
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530
hbbronson@bronsonlaw.net